IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| PAMELA SHOMO <br> & DEJA SHOMO <br><br> Plaintiffs, <br><br> v. <br><br> KAREN COOKSEY, *et al.*, <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * Civil Case No.: SAG-24-03427 <br> * <br> * <br> * <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Self-represented Plaintiffs Pamela and DeJa Shomo ("Plaintiffs") allege that Defendants Columbia Glade LLC d/b/a Columbia Glade Apartments ("Columbia Glade") and its manager, Karen Cooksey (collectively "Defendants"), discriminated against them in vacating them from their apartment. ECF 4. Although Plaintiffs filed their action in the Circuit Court for Howard County, Maryland, Defendant Karen Cooksey removed the case to this Court because it presents a federal question. ECF 1.

Initially, this Court notes that the corporate defendant, Columbia Glade, still has not been properly served with process. The correspondence Plaintiffs recently filed showed that documents were mailed, via certified mail, to "Gate Hudson c/o Columbia Glade LLC" at an unspecified address in Fairfax, Virginia. ECF 16. That form of service does not comply with Federal Rule of Civil Procedure 4(h)(1) or Virginia Code Ann. § 8.01-299, which set forth mechanisms to serve

process on a limited liability corporation.[1] Under Maryland's rules, "Service is made upon a corporation, incorporated association, or joint stock company by serving its resident agent, president, secretary, or treasurer. If the corporation, incorporated association, or joint stock company has no resident agent or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process." Md. Rules 2-124. Plaintiffs have not established who "Gate Hudson" is for this Court to determine whether Gate Hudson is the proper recipient of service for Columbia Glade. But whether Gate Hudson is an appropriate person to receive service for Columbia Glade or not, the paperwork that Plaintiffs filed regarding their use of certified mail does not comply with Maryland Rule 2-121, which requires the mailing be sent "Restricted Delivery-- show to whom, date, address of delivery." Plaintiffs' filing includes a tracking number but does not provide a restricted delivery receipt showing the information required under Rule 2-121. Plaintiff will be afforded one final opportunity to obtain a new summons and to serve Columbia Glade in compliance with the applicable rules for service of process.

The one defendant who has been served, Karen Cooksey, has filed a motion to dismiss the amended complaint, ECF 5. Despite having received notice from the Clerk's Office of the possible ramifications of failing to file a response to the dispositive motion, Plaintiffs have not filed any response. This Court has reviewed Cooksey's motion and finds that no hearing is necessary. *See*

---

[1] In the circumstances of this case, Plaintiffs can employ either the federal rules or the rules of Maryland or Virginia to serve Columbia Glade. Fed. R. Civ. P. 4(h)(1). To date, however, the methods they have selected have not comported with any of the options.

Loc. R. 105.6 (D. Md. 2023). For the reasons stated herein, Cooksey's motion to dismiss must be granted.

## I. BACKGROUND

The Court derives the facts from the Amended Complaint, ECF 4, and presumes them true for purposes of this motion. Plaintiffs lived at the Columbia Glade Apartments with Pamela Shomo's emotional support animal, a dog named King. ECF 4 at 2. On August 26, 2024, King was playing with "Mr. Davis" in the hallway when another neighbor, Mr. Heimbach, entered the hallway with his dog. *Id.* Mr. Heimbach asked Mr. Davis if King was aggressive, and Mr. Davis responded that he did not know because King was not his dog. *Id.* The dogs became agitated and King caught the other dog's collar in his mouth. *Id.* Pamela Shomo heard Mr. Heimbach yelling and ran out of her apartment to remove the other dog's collar from King's mouth. *Id.* In the process, Mr. Heimbach's dog bit King near his eye. *Id.*

On August 26, 2024, Pamela Shomo communicated with Cooksey by email to describe the situation and explain that she and Mr. Heimbach had resolved the matter peacefully. *Id.* On August 30, however, Cooksey informed Pamela Shomo that she was being evicted due to the incident with the dogs because "Mr. Heimbach repeatedly expressed fear." *Id.* Pamela Shomo did not have an opportunity to provide her side of the story or present a witness to the event. *Id.*

Plaintiffs allege that the eviction violated the Fair Housing Act ("FHA") because it was premised on racial bias[2] and because Defendants failed to make reasonable accommodations for

---

[2] The Amended Complaint refers to Pamela Shomo as "a Black tenant," ECF 4 at 2, and does not specify the race of DeJa Shomo.

King as her emotional support animal.[3] *Id.* Plaintiffs further allege that the eviction violated "the Service Animal Amendment" in their lease. *Id.* Pamela Shomo alleges that the situation has caused her severe emotional distress. *Id.*

## II.     LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g., In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But if a complaint provides no more than "labels and

---

[3] The caption of the Amended Complaint also makes reference to "Support Animal ADA Rights." ECF 4 at 1. Emotional support animals do not qualify as service animals under the applicable title of the Americans with Disabilities Act ("ADA"). *See* 28 C.F.R. § 35.104 (defining a service animal as "any dog individually trained to do work or perform tasks for the benefit of an individual with a disability."). Plaintiffs have also failed to allege any qualifying disability. Thus, no ADA claim has been plausibly pleaded.

conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555.

Because plaintiff is self-represented, her pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[e]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), aff'd 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an equal protection claim, because plaintiff failed to allege it in the complaint).

### III. DISCUSSION

Liberally construed, Plaintiffs' Amended Complaint asserts two claims: violation of the FHA (on both race-based and failure to accommodate a disability-based grounds) and breach of contract for violation of the Service Animal Amendment (which this Court assumes is an amendment to a lease or rental agreement). Neither claim has been adequately stated against Cooksey.

Beginning with the breach of contract claim, Plaintiffs have not alleged, nor can this Court reasonably infer, the existence of any contract between Plaintiffs and Cooksey. As a tenant of the apartment complex, Plaintiff's lease or rental agreement would be with Columbia Glade, not its office manager. Plaintiffs therefore have alleged no basis for asserting a breach of contract claim against Cooksey.

As to Plaintiffs' FHA claims, this Court is unpersuaded by Cooksey's contention that an FHA claim cannot lie against an office manager. ECF 5 at 1. Nothing in the statute's text suggests such an exclusion, and in certain circumstances, it seems evident that an office manager could act in a way that would violate the anti-discrimination statute. That said, Plaintiffs have not alleged a plausible FHA claim in their Amended Complaint.

A plaintiff can prove racial discrimination under the FHA in one of two ways: by demonstrating "that the housing action or practice being challenged was either motivated by a discriminatory purpose or had a discriminatory impact." *Greengael, LLC v. Bd. of Supervisors*, 313 F. App'x 577, 581 (4th Cir. 2008). Plaintiffs do not challenge that Defendants had any ongoing policy that might be subject to a disparate impact analysis. And they have not alleged any facts evidencing that their eviction was motivated by a discriminatory purpose. They allege only that Pamela Shomo is Black, not that any discriminatory comments were made in connection with the eviction or that any non-Black tenants whose dogs made their neighbors fearful after an incident received a different outcome than Plaintiffs. Absent some allegations of a discriminatory purpose behind the eviction, Plaintiff fails to assert a plausible FHA race discrimination claim.

Plaintiff's FHA failure to accommodate claim fares no better. The parties agree that housing providers must, under the FHA, make reasonable accommodations for disabled tenants. 42 U.S.C. § 3604(f)(3)(B). FHA discrimination encompasses a "refusal to make reasonable accommodations

in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). To state an FHA "failure to accommodate" claim, Plaintiffs must plead facts showing that the requested accommodation was both reasonable and necessary, in light of a disability, to afford a tenant equal opportunity to use and enjoy housing. *See Bryant Woods Inn, Inc. v. Howard County, Maryland*, 124 F.3d 597, 603 (4th Cir. 1997). While the Amended Complaint states that King is an emotional support animal and that Plaintiffs were required to vacate their apartment, it fails (1) to allege any qualifying disability, (2) to allege that Plaintiffs made any request for reasonable accommodation, (3) to describe how the requested accommodation is reasonable and necessary for the disabled person to be able to use and enjoy the housing, or (4) to establish that Defendants refused any such request for accommodation. In the absence of such allegations, the Amended Complaint must be dismissed without prejudice.

## IV. CONCLUSION

For the reasons stated above, Cooksey's motion to dismiss, ECF 4, is granted and the claims against Cooksey are dismissed without prejudice. Should Plaintiffs wish to seek leave to file a second amended complaint, they must do so in accordance with Local Rule 103.6 within sixty days. Plaintiffs will also be afforded one final period of sixty days to obtain a new summons for Defendant Columbia Glade and to effect service in accordance with the applicable Federal Rule, Virginia Rule, or Maryland Rule governing service of process on a limited liability corporation. A separate Order follows.

Dated: May 16, 2025                                     /s/
                                                        Stephanie A. Gallagher
                                                        United States District Judge